IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

RODERICK McKISSOCK,     :
             :
    Petitioner   :
  vs.        :  CASE NO. 4:13-CV-45-CDL-MSH
             :    28 U.S.C. § 2254
Warden GREGORY McLAUGHLIN, :
             :
    Respondent.   :
_____

## REPORT AND RECOMMENDATION

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 10.) For the reasons described below, Respondent's motion should be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be dismissed as untimely.

## BACKGROUND

On May 24, 1994, in the Superior Court of Muscogee County, Petitioner was found guilty of malice murder, aggravated assault, and possession of a firearm during the commission of a crime. (Pet. for Writ of Habeas Corpus 6, ECF No 1.) Petitioner was sentenced to life in prison for the murder, ten years consecutive for the aggravated assault, and five years concurrent for the possession of a firearm charge. *Id.*

Petitioner timely appealed his conviction, and on December 4, 1995, the Georgia Supreme Court affirmed Petitioner's convictions. *Chambers, et al. v. State*, 266 Ga. 39 (1995). On March 9, 2001, Petitioner filed a state habeas petition in the Tattnall County Superior Court. (Resp't's Exh. 12-1.) Petitioner's petition was denied on September 6,

2001.  (*Id.* at 12-2.)  Petitioner's application for probable cause to appeal was thereafter

denied by the Georgia Supreme Court on September 8, 2001.  (*Id.* at 12-3.)

Almost ten years later, on January 12, 2011, Petitioner filed an extraordinary

motion for new trial which was denied on January 20, 2011.  (Resp't's Exh. 12-4.)

Petitioner then filed his "Appeal" in this court on February 19, 2013. (ECF No. 1.)

Petitioner was directed to file a proper petition pursuant to 28 U.S.C. § 2254, and did so

on March 18, 2013.  (ECF Nos. 5, 6.)  Petitioner was thereafter allowed to amend his

petition which was filed on April 11, 2013.  (ECF No. 8.)  Respondent filed his Motion to

Dismiss on May 20, 2013.  (ECF No. 10.)

## DISCUSSION

### I.      The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was

enacted primarily to put an end to the unacceptable delay in the review of prisoners'

habeas petitions.  "The purpose of the AEDPA is not obscure.  It was to eliminate the

interminable delays in the execution of state and federal criminal sentences, and the . . .

overloading of our federal criminal justice system, produced by various aspects of this

Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998).

The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as

follows:

> (1)    A 1-year period of limitation shall apply to an application for a writ
>        of habeas corpus by a person in custody pursuant to the judgment of
>        a State court.

. . .

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

**II.     Petitioner=s Application is outside the AEDPA one-year limitations period.**

Here, Petitioner's convictions were affirmed by the Georgia Supreme Court on direct appeal on December 4, 1995. His convictions were "final" ninety (90) days later on March 3, 1996, when the ninety-day period for filing a petition for a writ of certiorari expired. U.S.Sup.Ct. R. 13.1.

Where a petitioner's final judgment precedes the effective date of the AEDPA, the Eleventh Circuit has held that state prisoners had until April 23, 1997, to file their federal habeas actions, measured by one year from the enactment date of the AEDPA. *Wilcox v. Fla. Dep't of Corrs.*, 158 F.3d 1209 (11th Cir. 1998).  Petitioner=s state habeas corpus petition was not filed until March 9, 2001, almost four years after the expiration of the

3

AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition.  *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that A[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled@.  A filing deadline cannot be complied with, substantially or otherwise, by filing even one day late.  *Carlisle v. United States*, 517 U.S. 416, 430 (1996).  Thus, the AEDPA statute of limitations bars Petitioner's application.

The federal petition filed by Petitioner thus fails to invoke the jurisdiction of this Court.  Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss is due to be granted.

## III.    Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner

cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss should be GRANTED, and Petitioner's action should be dismissed as untimely.  Since Petitioner cannot meet the requisite standard, a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 14th day of August, 2013.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE